**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **MELVIN LITTLE, JR,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | CIVIL No: 3:15-CV-0067-CAR |
| **Sheriff ROBERT MARKELY, et al,** : | |
| : | |
| **Defendants** : | |

# ORDER

Plaintiff Melvin Little Jr., an inmate currently confined at Georgia State Prison, in Reidsville, Georgia, has filed a *pro se* complaint in this Court to recover damages for alleged civil rights violations occurring during his arrest and subsequent probation revocation in 2011. Plaintiff seeks leave to proceed without prepayment of the required $350.00 filing fee and also requests the appointment of counsel. For those reasons stated herein, Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 7) is **GRANTED**. His Motion for the Appointment of Counsel (ECF No. 8) is, however, **DENIED**. The Court has also conducted a review of Plaintiff's Amended Complaint (EFC No. 6), as required by 28 U.S.C. § 1915A(a), and finds that his complaint is frivolous, seeks to recover damages from immune defendants, or otherwise fails to state a claim upon which relief may be granted. Plaintiff's Amended Complaint is accordingly **DISMISSED** under § 1915A(b).

### I. Motion for Leave to Proceed *in forma pauperis*

The Court has reviewed Plaintiff's Motion to Proceed *in forma pauperis* and, based on his submissions (ECF No. 5, 7), finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. Plaintiff's Motion is thus **GRANTED** for the purpose of dismissal.

### II. Motion for Appointment of Counsel

Plaintiff has also filed a motion requesting that he be appointed counsel. Pursuant to 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff has filed a § 1983 *pro se* complaint on a standard form. The Court is now required to review the Complaint to determine whether Plaintiff's allegations state a colorable legal claim. This process is routine in *pro se* prisoner actions and is not an "exceptional circumstance" justifying the appointment of counsel. The facts stated in Plaintiff's Complaint are not complicated, and the law governing his claims is neither novel nor complex.

The Court thus finds that the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of an attorney and that the existence of exceptional circumstances otherwise warranting the appointment of counsel has not been shown by Plaintiff. Plaintiff's request for court-appointed counsel is accordingly (ECF No. 8) **DENIED**.

### III. Preliminary Screening of Plaintiff's Complaint

#### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed the plaintiff's favor, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id.* "Threadbare

3

recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

### B.  Plaintiff's Claims

The present action arises of Plaintiff's 2011 arrest and probation revocation. Plaintiff has sued the Sheriff of Morgan County, three Deputy Sheriffs, three state court judges, the prosecutor in his case, his defense counsel, and two probation officers.  He claims that the search of his home and arrest were unlawful and that his rights were violated during the resulting revocation of his probation.  Among other things, Plaintiff asks the Court to "end the careers of Defendants," order his release from prison, and award him money damages.

Upon review, the Court finds that Plaintiff's claims are frivolous and fail to state a claim for relief.  First, Plaintiff's claims arising from events that occurred in 2011 have been filed outside the two-year statute of limitations for § 1983 claims and are thereby time-barred.  *See Owens v. Okure*, 488 U.S. 235, 236 (1989), (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); O.C.G.A. § 9-3-33 (1982).   The fact that Plaintiff is still incarcerated as a result of those events does not constitute a continuing violation.  *See Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.").  *See also, Parrish v. City of Opp, Ala*., 898 F. Supp. 839, 843 (M.D. Ala. 1995) (false arrest is a discrete wrong not a continuing violation).   It thus appears beyond a doubt from the Amended Complaint itself that Plaintiff can prove no set of facts to avoid a statute of limitations bar.  This is reason enough to dismiss his claims.  *See Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir.

2003) (quoting *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001)).

Most of Plaintiff's claims, however, are also subject to dismissal because he seeks to recover damages from immune parties or individuals otherwise not subject to liability under § 1983. A state judge is absolutely immune from monetary liability for judicial acts, "even when such acts are in excess of [his] jurisdiction and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Prosecutors are similarly immune from liability under § 1983 when engaged in prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 428 (1976). The decision to charge or drop charges against an arrestee is of course a prosecutorial function. *See Anderson v. Simon*, 217 F.3d 472, 475-76 (7th Cir. 2000).[1] Defense attorneys, though not entitled to immunity, are not considered "state actors" and thus are not subject to liability under § 1983. *See Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981).

Even if Plaintiff could sue the named defendants, any claim for damages based upon Defendants' alleged unlawful conduct – which necessarily resulted in Plaintiff's criminal conviction – are further not cognizable under § 1983 because his conviction has not been invalidated - i.e., reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Inasmuch, an incarcerated prisoner is prohibited from bring a § 1983 claim for damages based on allegations of an invalid criminal conviction unless or until that conviction has been invalidated through appeal or habeas corpus. *Id.* Plaintiff's request for an injunction

---

[1] Plaintiff generally complains the assistant district attorney in his criminal case chose to prosecute him even though she was aware of his mental health issues, medication, and intoxication at the time of the crime.

resulting in his release from prison fails for the same reason. Habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481. And, Plaintiff's demand that Court "end the careers of Defendants" is simply frivolous; this claim has no basis in law. *Newman v. Ala.*, 559 F.2d 283, 288 (5th Cir.), *cert. denied*, 438 U.S. 915 (1978) (district court does not have "authority to address state officials out of office or to fire state employees.").

## IV.   Conclusion

For those reasons discussed above, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**, and his Motion for the Appointment of Counsel is **DENIED**. The Court additionally finds that Plaintiff's Amended Complaint is frivolous, seeks to recover damages from immune defendants, or otherwise fails to state a claim upon which relief may be granted. It therefore **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2).

**SO ORDERED** this 20th   day of August, 2015.

S/   C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE